UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAYLOR RENEE PRAHL-SIX,

        Petitioner,

                                  CASE No. 2:21-CV-10767
v.                              HON. GEORGE CARAM STEEH

JEREMY HOWARD,

        Respondent.
_____/

## OPINION AND ORDER GRANTING MOTION TO STAY PROCEEDINGS (ECF NO. 7) AND ADMINISTRATIVELY CLOSING THE CASE

Petitioner Taylor Renee Prahl-Six, currently in the custody of the Michigan Department of Corrections, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance. (ECF No. 7.) For the reasons set forth below, the Court will grant Petitioner's motion.

### I.  Background

Petitioner was convicted by guilty plea in the Eaton County Circuit Court of two counts of first-degree child abuse, Mich. Comp. Laws § 750.136b(2). She is serving a sentence of twelve to forty years' incarceration. The Michigan Court of Appeals and Supreme Court denied Petitioner's applications for leave to appeal. *See People v. Prahl-Six*, No.

350411 (Mich. Ct. App. Oct. 14, 2019); *People v. Prahl-Six*, 505 Mich. 1017 (March 27, 2020).

Petitioner filed a Petition for Writ of Habeas Corpus March 26, 2021. (ECF No. 1.) The Court granted Petitioner's request for an extension of time to complete a Memorandum of Law in support of her petition. (ECF No. 3.) The Court accepts the Memorandum of Law, filed on June 18, 2021. (ECF No. 8.) Petitioner challenges her sentence as wrongly scored under the Michigan Sentencing Guidelines and otherwise unreasonable and disproportionate.

Simultaneously, Petitioner filed a Petition to Stay Proceedings and Hold Habeas Petition in Abeyance. (ECF No. 7.) Petitioner seeks to file in the state trial court a motion for relief from judgment, to raise two additional claims: ineffective assistance of counsel and newly discovered evidence regarding "shaken baby syndrome." (*Id*. at PageID.40-41.) She requests her habeas petition be stayed and held in abeyance until her claims are exhausted in the state courts. (*Id*. at PageID.41.)

## II.   Discussion

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of

habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner seeks a stay because she would like to raise unexhausted claims in state court.

A federal district court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The Court finds a stay is warranted. First, dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). Petitioner's conviction became final on June 25, 2020, ninety days after the Michigan Supreme Court denied her leave to appeal, on March 27, 2020. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires") (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). Petitioner filed her habeas

petition on March 26, 2021, with only three months remaining before her filing deadline of June 25, 2021.

Second, while Petitioner's claim of ineffective assistance of counsel does not indicate whether she is referring to her trial or appellate attorney, an argument that her appellate attorney was ineffective may constitute good cause for failing to previously exhaust these claims. *See Wagner v. Smith*, 581 F.3d 410, 419 n.4, 5 (6th Cir. 2009). Finally, based upon the present record, the Court cannot conclude that these claims are plainly meritless or that Petitioner has engaged in abusive litigation tactics or intentional delay. *Rhines*, 544 U.S. at 277-78. Under these circumstances, it is not an abuse of discretion to stay this case while Petitioner pursues state remedies.

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id*. at 278. To ensure that Petitioner does not delay in exhausting her state court remedies, the Court will impose time limits within which she must proceed. See *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

To properly exhaust her new claims in state court, Petitioner must file a motion for relief from judgment with the Eaton County Circuit Court under

-4-

Michigan Court Rule 6.502. *See Wagner*, 581 F. 3d at 419. The trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. Mich. Ct. R. 6.505-6.507, 6.508(B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509; 7.203; 7.302; *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997). If Petitioner's motion for relief from judgment is denied, Petitioner will be required to appeal that denial to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust her claims. *See, e.g.*, *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

    To resume this case, Petitioner must file an amended petition and move this Court to lift the stay within sixty days of completing the exhaustion of her state court post-conviction remedies. *See Hargrove v. Brigano,* 300 F.3d 717, 718 (6th Cir. 2002). If Petitioner does not file an amended petition and motion to lift the stay by the 60-day deadline, this case will remain closed.

    This Order to stay and hold the habeas petition in abeyance is being entered so that Petitioner may pursue the above-described process. Failure

to comply with the conditions of this stay could result in the dismissal of the case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014). The Court expresses no opinion on whether any new claims presented in an amended petition will be barred by the statute of limitations.

### III. Order

Accordingly, the Court GRANTS Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance. (ECF No. 7.) The habeas petition is STAYED and further proceedings in this matter are held in ABEYANCE. If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay and an amended petition in this Court within sixty days after the conclusion of the state court proceedings.

To avoid administrative difficulties, the Court orders the Clerk of Court to CLOSE this case for statistical purposes only. Nothing in this order shall be construed as an adjudication of Petitioner's current claims.

**IT IS SO ORDERED.**

Dated: August 5, 2021

                                           s/George Caram Steeh
                                           GEORGE CARAM STEEH
                                           UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 5, 2021, by electronic and/or ordinary mail and also on Taylor Renee Prahl-Six #566799, Huron Valley Complex – Womens, 3201 Bemis Road, Ypsilanti, MI 48197.

s/Brianna Sauve
Deputy Clerk